UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jan Hedman,

        Plaintiff,

        **MEMORANDUM OPINION**
v.        **AND ORDER**
        Civ. No. 07-1847 ADM/RLE

Northwest Airlines, Inc.,

        Defendant.

_____

James W. Balmer, Esq., Falsani, Balmer, Peterson, Quinn & Beyer, Duluth, MN, argued on behalf of Plaintiff.

Timothy R. Thornton, Esq., Briggs and Morgan, P.A., Minneapolis, MN, argued on behalf of Defendant.
_____

## I. INTRODUCTION

On April 4, 2008, the undersigned United States District Judge heard oral argument on Defendant Northwest Airlines, Inc.'s ("Northwest") Motion to Dismiss For Lack of Subject Matter Jurisdiction [Docket No. 17]. In his Complaint [Docket No. 1], Plaintiff Jan Hedman ("Hedman") asserts claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. For the reasons set forth below, Northwest's Motion is granted.

## II. BACKGROUND

The Complaint alleges that for an unspecified time period prior to August 23, 2004, Hedman was employed by Northwest. Compl. ¶ 5. Since August 23, 2004, Plaintiff has been unable to work because he has spondylitis. Id. ¶ 5.

Hedman has not disputed Northwest's assertion that the Aircraft Mechanics Fraternal Association ("AMFA") represented Hedman while he was employed by Northwest. Def.'s

Mem. in Supp. of Mot. to Dismiss [Docket No. 19] at 2. During all relevant times, the relationship between Northwest and AMFA was governed by a collective bargaining agreement ("CBA") entitled the "Agreement Between Northwest Airlines Inc. and Aircraft Mechanics Fraternal Association" (the "Northwest-AMFA CBA"). Brodin Aff. [Docket No. 20] Ex. 1.[1]

Hedman participated in the Northwest Airlines Pension Plan for Contract Employees (the "Pension Plan"). Id. Ex. 2; Compl. ¶ 5. The Pension Plan provides a disability retirement pension for certain participants whose employment terminates because of a disability, which is defined as a "total and permanent disability which renders the Participant incapable of any employment with the Employer." Brodin Aff. Ex. 2 at §§ 1.2.8, 3.3.1.

After he was no longer able to work, Hedman filed a claim for disability retirement benefits under the Pension Plan. Compl. ¶ 8. On December 23, 2005, Northwest denied Hedman's claim. Id. On April 10, 2007, Hedman filed this Complaint in federal court alleging that Northwest[2] violated ERISA because: (1) Northwest's decision "was made under palpable conflict of interest . . . and involved serious procedural irregularities; (2) Northwest "violated the standards and procedures under [the Pension Plan] and claims-handling policies and practices;" and (3) Northwest's decision "was wrongful, arbitrary, contrary to the terms of the plan, contrary to law, and unsupported by medical and vocational evidence." Id. ¶¶ 4, 9-11.

---

[1] The Court may consider documents that are central to Hedman's Complaint without converting Northwest's Motion to Dismiss into a motion for summary judgment. Stahl v. Dep't of Agric., 327 F.3d 697, 700-01 (8th Cir. 2003).

[2] Hedman's Complaint also named CIGNA Companies as a defendant. Hedman subsequently stipulated to dismissal without prejudice of CIGNA Companies. Stipulation [Docket No. 7]; Order of Dismissal [Docket No. 8].

## III. DISCUSSION

**A.     Standard of Review**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction. On a motion to dismiss under Rule 12(b)(1), a defendant may challenge the complaint on its face, or the defendant may contest the truthfulness of the alleged facts. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Here, Northwest challenges the facial validity of the Complaint. Thus, the Court "restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion under Rule 12(b)(6)." Id. (citations omitted). In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

**B.     Subject Matter Jurisdiction**

Northwest argues that the Railway Labor Act ("RLA"), 45 U.S.C. § 184, divests this Court of subject matter jurisdiction. "The RLA requires air carriers and unions to establish a system board of adjustment . . . to resolve all 'disputes . . . growing out of . . . the interpretation or application of agreements concerning rates of pay, rules, or working conditions.'" Jenisio v.

Ozark Airlines, Inc., 187 F.3d 970, 972-73 (8th Cir. 1999) (quoting 45 U.S.C. § 184).  These disputes, known as "minor disputes," "must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions."  Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 253 (1994). "There is a presumption that disputes are minor and thus arbitrable."  Bloemer v. Northwest Airlines, Inc., 401 F.3d 935, 939 (8th Cir. 2005).  "'Despite [ERISA's] express provision allowing suits over the coverage and application of [employee benefit] plans to be brought in federal court, ERISA was not intended to, nor did it, [supersede] the mandatory arbitration provisions of the Railway Labor Act.'"  Bowe v. Northwest Airlines, Inc., 974 F.2d 101, 103 (8th Cir. 1992) (quoting Beard v. Carrollton R.R., 893 F.2d 117, 123 (6th Cir. 1989)) (first two alterations in original).

In Jenisio v. Ozark Airlines, Inc., the Eighth Circuit held that "[t]he RLA's arbitration requirement applies to pension disputes . . . if the pension is (1) itself a CBA or (2) maintained pursuant to a CBA."  187 F.3d at 973.  "A pension plan is maintained pursuant to a CBA when it is incorporated by reference in that CBA."  Id.  A CBA that merely mentions a pension plan does not incorporate the pension plan by reference.  Id.  Instead, the references in the CBA must effectively incorporate the pension plan.  Id.  The Jenisio court held that the pension plan at issue was incorporated by reference into a CBA because: (1) the CBA set forth material amendments to and elements of the pension plan, (2) the pension plan referenced the CBA, and (3) the language of the CBA indicated that the employer and the union "bargained for the amendments to the Plan, if not for the Plan in its entirety."  Id. at 973-74.

The facts of the instant case are indistinguishable from Jenisio.  The Northwest-AMFA

4

CBA sets forth material amendments to the Pension Plan, including new benefit levels, escalator provisions, and early retirement options. Brodin Aff. Ex. 1 at A.5-A.7, A.20-A.21. Additionally, the Pension Plan itself references the Northwest-AMFA CBA. The Pension Plan states in part that a Northwest employee becomes a "participant" on the first date the "employee is employed in Recognized Employment." Id. Ex. 2 at § 2.1. "Recognized Employment" is defined in relevant part as "all services performed for the Employer by an individual who is in a unit of employees whose terms and conditions of employment are subject to a collective bargaining agreement . . . which collective bargaining agreement provides for the inclusion of that individual in this Plan . . . ." Id. Ex. 2 at § 1.2.24. The Pension Plan's grievance procedure also refers to the Northwest-AMFA CBA. Id. Ex. 2 at § 7.3.3 ("Any claim for benefits not resolved in accordance with the above procedures shall be subject to the System Board of Adjustment processes of the collective bargaining agreement."). Further, the language of the Northwest-AMFA CBA states that Northwest and AMFA agreed, "by collective bargaining," to amend the Pension Plan. Id. Ex. 1 at A.5, A.20.

Based on these facts, the Court concludes that the Pension Plan was maintained pursuant to the Northwest-AMFA CBA. Therefore, Hedman's pension dispute is a minor dispute subject to the RLA's arbitration requirement. As a result, this Court lacks subject matter jurisdiction.

Hedman's arguments to the contrary are unpersuasive. At oral argument, Hedman's counsel argued for the first time that the Eighth Circuit's decision in Bloemer supports the argument that Hedman's pension dispute is not a minor dispute under the RLA. However, nothing in Bloemer supports Hedman's attempt to escape the RLA's mandatory arbitration requirement.

In his Memorandum in Opposition to Northwest's Motion to Dismiss [Docket No. 23], Hedman contends that Northwest waived its subject matter jurisdiction argument because Northwest did not notify Hedman of his right to arbitration when it denied his disability benefits claim in December 2005.  However, assuming arguendo that Northwest explicitly consented to federal subject matter jurisdiction, its consent would be ineffectual because "[p]arties to an agreement cannot create federal subject matter jurisdiction by consent."  Bowe, 974 F.2d at 103-104.

In the alternative, Hedman requests that this Court compel the system board of adjustment to arbitrate his claim despite the fact that the deadline specified by the Pension Plan for requesting arbitration has passed.  Brodin Aff. Ex. 2 § 7.3.3 (discussing arbitration before the system board of adjustment); Ex. 1 at 13.8-13.10 (specifying procedures and deadlines for arbitration).  However, because of the RLA this Court lacks subject matter jurisdiction to compel the system board of adjustment to toll the deadline and arbitrate Hedman's claim.  In order to challenge Northwest's denial of disability benefits, Hedman must follow the grievance procedures mandated by the RLA, including a request that the system board of adjustment arbitrate his claims.  Judicial review of the system board of adjustment's decision will be limited to due process violations and the limited parameters specified by 45 U.S.C. § 153(q).  Goff v. Dakota, Minn. & E. R.R. Corp., 276 F.3d 992, 997 (8th Cir. 2002).

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Northwest Airlines, Inc.'s Motion to Dismiss For Lack of Subject Matter Jurisdiction [Docket No. 3] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


  s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 21, 2008.